IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00498-LTB-BNB

ANTONIO DELMONICO,

Plaintiff,

v.

JEFF CAPITO (Pueblo Police Officer), in his individual and professional capacities,
NATHAN PRUCE (Pueblo Police Officer), in his individual and professional capacities,
CITY OF PUEBLO, COLORADO, and
JAMES BILLINGS, JR. (Chief of Pueblo Police Dept.), in his individual and professional capacities,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following:

(1) **Motion for Summary Judgment** [Doc. # 16, filed 5/12/2008] by the plaintiff

(the "Plaintiff's Motion"); and

(2) **Defendants' Motion for Summary Judgment** [Doc. # 54, filed 7/17/2008] (the

"Defendants' Motion").

I respectfully RECOMMEND that the Plaintiff's Motion be DENIED and the

Defendants' Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se*

plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se*

litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS[1]

1. Jeff Capito and Nathan Pruce are police officers with the Pueblo, Colorado, Police Department. *Complaint*, p. 3. James Billings, Jr., is the Chief of the Pueblo, Colorado, Police Department. Id. at p. 5.

2. On May 22, 2007, Officer Capito was dispatched to St. Mary-Corwin Hospital based on a report from the hospital of a patient who had received a knife wound. The patient was the plaintiff. *Motion*, Ex. A-1, ¶ 2 and Ex. Capito 1.

3. The plaintiff told Officer Capito that he had gone to the residence of Patricia Riker to help her if she needed it; he knocked on the door; she would not answer so he continued to knock on the door; Mr. Frank Marksberry answered the door; he and Mr. Marksberry immediately began to fight in the doorway area; Marksberry drew a knife and cut the plaintiff with it; the plaintiff was able to get the knife away from Marksberry; and the plaintiff walked to a nearby bar and obtained a ride home. Id. at Ex. Capito 1 to Ex. A-1.

4. At about the same time, Officer Pruce was dispatched on an abandoned 911 call to 615 West 11th Street #2 regarding an unnamed party. Officer Pruce spoke with Mr. Marksberry and with Patricia Riker who resided at the address. He then left the scene. Id. at Ex. A-2, ¶ 2.

6. Shortly after he left Ms. Riker's residence, Officer Pruce received a dispatch call stating that Ms. Riker's residence may have been the scene of a stabbing. He then returned to

---

[1] The plaintiff purports to dispute several of the defendants' facts with unsupported conclusory factual statements and legal conclusions. I do not utilize any facts that are unsupported by evidence. In addition, on March 9, 2009, the plaintiff filed a motion to compel discovery [Doc. # 93] and on March 13, 2009, the plaintiff filed a motion to take additional discovery [Doc. # 97]. I have reviewed those motions and denied them in a separate order. I find that nothing addressed in either of the March 2009 motions concerns any fact material to the resolution of the instant motions for summary judgment.

Ms. Riker's residence. Upon arrival, Ms. Riker informed Officer Pruce that Mr. Marksberry had left.[2]  Id. at ¶ 3.

7. During his second visit to Ms. Riker's residence, Officer Pruce observed drops of blood on and near a door of the residence. He also noticed drops of blood on the floor near the residence door leading outside. He further noticed that a board which had been used to cover a window had been dislodged from the window and was lying against the wall under the window. He did not observe any blood near the window or on the board.  Id. at ¶¶ 4-5.

8. Officer Pruce was then contacted by dispatch and advised that officers were in contact with Marksberry at his residence. He advised the officers to take Marksberry to the police station for questioning.  Id. at ¶ 6.

9. Officer Pruce then went to the police station to assist in the questioning of Mr. Marksberry. Officer Capito was present during the questioning.  Id. at ¶ 7.

10. During his questioning, Mr. Marksberry provided voluntary oral and written statements of the incident. Mr. Marksberry wrote his statement in the presence of Officers Capito and Pruce.  Id. at ¶¶ 8-9.

11. Mr. Marksberry asserted the following:

(a) He had been at Ms. Riker's house for approximately two hours when the plaintiff arrived and began knocking loudly on the door. The plaintiff said, "Patty, I need to talk with you." When Mr. Marksberry asked who was at the door, Ms. Riker replied, "my ex."  Id. at Ex. Capito 1 to Ex. A-1; Ex. Pruce 1 to Ex. A-2;

---

[2]The parties dispute the content of other statements made by Ms. Riker to Officer Pruce.

(b) When he and Ms. Riker ignored the plaintiff's knocking, the plaintiff pushed in a board that was covering a window and entered the residence holding a large steel pipe. Id.;

(c) The plaintiff struck Mr. Marksberry on the side of his face with the pipe. Id. at Ex. Pruce 1 to Ex. A-2;

(d) After being hit by the plaintiff, Mr. Marksberry was able to pull a carpenter knife from his pants and slash at the plaintiff. Id. at Ex. Capito 1 to Ex. A-1; Ex. Pruce 1 to Ex. A-2;

(e) After a brief struggle with the plaintiff for control of the pipe, Mr. Marksberry was able to get the pipe away from the plaintiff, and he chased the plaintiff from the residence. Id. at Ex. Pruce 1 to Ex. A-2; and

(f) Mr. Marksberry threw the knife and the pipe in some grass and bushes near Ms. Riker's residence. He offered to take Officer Pruce to the area. Id.

12. Mr. Marksberry showed Officer Pruce the wound he sustained after being hit with the pipe. Id.

13. After Mr. Marksberry provided his statements, Officer Pruce transported him to Ms. Riker's residence. Mr. Marksberry led Officer Pruce to a large piece of steel pipe and a blue folding box cutter-style knife. Id. at Ex. A-2, ¶ 11 and Ex. Pruce 1.

14. Officer Capito went back to the hospital and asked the plaintiff to recite the events of the night again. The plaintiff stated that he was drinking at a bar and went over to Ms. Riker's residence to get a ride home. He knocked on the front door until Mr. Marksberry answered it. Ms. Riker told the plaintiff to enter the residence, and as soon as he did, Mr. Marksberry

confronted him. A fight ensued, and Mr. Marksberry pulled an knife and cut the plaintiff. Id. at Ex. Capito 1 to Ex. A-1.

15. Officer Capito told the plaintiff that he knew more details than the plaintiff had provided. The plaintiff then told Officer Capito that after Mr. Marksberry confronted him with a knife, the plaintiff grabbed a pipe that was lying on a shelf and tried to defend himself with it. After he was cut, the plaintiff ran out the door. He then re-entered and fought again with Mr. Marksberry. Then he pulled the wood off a window and exited out the window. He fled to his residence and had a friend take him to the hospital. Id.

16. Officer Capito asked the platiniff about his relationship with Ms. Riker. The plaintiff stated it was an intimate relationship and had been for several months. Id.

17. Based in part on the statements of Mr. Marksberry, the inconsistent statements of the plaintiff, and the physical evidence observed by Officer Pruce at the scene, the plaintiff was arrested for first degree burglary, second degree assault, and domestic violence. Id. at Ex. A-1, ¶ 19; Ex. A-2, ¶ 15 and Ex. Pruce 1.

18. The charges against the plaintiff were dismissed in August 2007.[3] *Complaint*, pp. 2, 3A[4]; *Motion*, p. 5, ¶ 11.

### III. ANALYSIS

The Complaint asserts three claims. Claim One alleges that defendants Capito and Pruce wrongfully arrested the plaintiff in violation of state tort law and 42 U.S.C. § 1983. Claim Two

---

[3]The defendants state that the charges were dismissed because Ms. Riker and Mr. Marksberry failed to appear for the plaintiff's preliminary court hearing on the same date, *Motion*, p. 5, ¶ 11, but the defendants do not provide any evidence to support this statement.

[4]I cite to the page numbers of the Complaint as assigned by the plaintiff.

alleges that the plaintiff was wrongfully incarcerated in the Pueblo County Jail for twenty four hours after his arrest in violation of state law and 42 U.S.C. § 1983. Claim Three alleges that defendant Billings failed to prevent Capito and Pruce from wrongfully arresting and incarcerating the plaintiff in violation of 42 U.S.C. § 1983.

As a preliminary matter, section 1983 is a remedial statute, and it does not create any substantive rights. Tafoya v. Adams, 816 F.2d 555, 558 n.5 (10th Cir. 1987). Section 1983 "creates only a remedy for violations of rights secured by a federal statutory and constitutional laws." Id. I construe the plaintiff's section 1983 claims as claims for violations of his Fourth Amendment rights.[5]

### A. Constitutional Claims

The defendants assert that they are entitled to qualified immunity on the plaintiff's constitutional claims. In Ahmad v. Furlong, 435 F.3d 1196, 1198 (10th Cir. 2006), the circuit court explained:

> Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. It is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability. When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. The plaintiff must first establish that the defendant's actions violated a constitutional or statutory right. If

---

[5]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). In addition, to the extent the plaintiff's attempts to assert any additional claims in his response to the Defendants' Motion, I will not address claims raised for the first time in a brief opposing a dispositive motion.

> the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct.

(Internal quotations and citations omitted.)

The plaintiff's two-part burden is a heavy one, and it must be met before the defendants bear any burden on summary judgment:

> A summary judgment decision involving the defense of qualified immunity is reviewed "somewhat differently" from other summary judgment rulings. When a defendant raises the issue of qualified immunity, the plaintiff must satisfy a two-part test. First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue. A right is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Only if the plaintiff establishes both elements of the test does the defendant bear the traditional burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

Scull v. New Mexico, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotations and citations omitted).

### 1. Claim One

In Claim One, the plaintiff asserts that he was wrongfully arrested. The plaintiff's primary claim is that he was arrested without any evidence that a crime had been committed. "If a police officer has probable cause to believe that a person has committed or is presently committing a crime, then he or she may effectuate a warrantless arrest of the individual without violating the Fourth Amendment," however. Tennessee v. Garner, 471 U.S. 1, 7 (1985). "The constitutional validity of a warrantless arrest depends upon whether the arresting officer had

8

probable cause." Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir. 1985) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). "Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed." Karr, 774 F.2d at 1031.

The plaintiff was arrested and incarcerated on charges of first degree burglary, second degree assault, and domestic violence. Under Colorado law, an individual commits second degree assault if he intends to and does cause bodily harm to another person with a deadly weapon or recklessly causes serious bodily injury to another person with a deadly weapon. C.R.S. § 18-3-203(1)(b) and (d) (2007).

"A person commits first degree burglary if the person knowingly enters unlawfully . . . in a building or occupied structure with intent to commit therein a crime . . . against another person, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, the person . . . assaults or menaces any person, or the person is armed with . . . a deadly weapon." C.R.S. § 18-4-202(1) (2007).

Domestic violence "means an act or threatened act of violence upon a person with whom the actor is or has been involved in an intimate relationship." C.R.S. § 18-6-800.3(1) (2007). It also includes "any other crime against a person, or against property . . . when used as a method of coercion, control, punishment, intimidation, or revenge directed against a person with whom the actor is or has been involved in an intimate relationship. Id.

It is undisputed that the plaintiff told Officer Capito inconsistent versions of the events of May 22, 2007. It is also undisputed that Officer Pruce saw blood on and near the door of Ms.

9

Riker's residence, and saw that a board which had been used to cover a window had been dislodged from the window and that there was no blood on the board or near the window.

It is further undisputed that Mr. Marksberry told Officer Capito and Officer Pruce that he was at Ms. Riker's house when the plaintiff arrived and began knocking loudly on the door; Ms. Riker told Mr. Marksberry that the person at the door was her ex; Mr. Marksberry and Ms. Riker ignored the plaintiff's knocking; the plaintiff then pushed in a board that was covering a window and entered the residence holding a large steel pipe; the plaintiff struck Mr. Marksberry on the side of his face with the pipe; after being hit by the plaintiff, Mr. Marksberry pulled a carpenter knife from his pants and slashed at the plaintiff; after a brief struggle with the plaintiff for control of the pipe, Mr. Marksberry was able to get the pipe away from the plaintiff; Mr. Marksberry chased the plaintiff from the residence; Mr. Marksberry threw the knife and the pipe in some grass and bushes near Ms. Riker's residence; and Mr. Marksberry led Officer Pruce to a large piece of steel pipe and a blue folding box cutter-style knife near Ms. Riker's residence.

A reasonable officer in possession of this information would have believed that probable cause existed to arrest and incarcerate the plaintiff on charges of first degree burglary, second degree assault, and domestic violence. Therefore, the plaintiff has failed to show that Officers Capito and Pruce violated his Fourth Amendment rights as they relate to the warrantless arrest.

The plaintiff argues that the officers wrongfully relied on the statements of Mr. Marksberry. "When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible." Pasiewicz v. Lake County Forest Preserve Dist., 270 F.3d 520, 525 (7th Cir. 2001).

Although the plaintiff vigorously attacks Mr. Marksberry's character, he does not provide any competent evidence to establish that Officers Capitio and Pruce knew that Mr. Marksberry or his reported information were not credible.

Claim One also contains allegations that Officer Capito "conducted a custodial [interrogation] . . . and did not advise [the plaintiff] of his Constitutional Rights." *Complaint*, p. 3, ¶ 14. The plaintiff does not provide any argument or evidence to establish that Officer Capito's interrogation violated a constitutional right, nor does he demonstrate any right was clearly established under the existing circumstances.

I respectfully RECOMMEND that the Defendants' Motion be GRANTED insofar as it seeks judgment in favor of the defendants on Claim One.

### 2. Claim Two

In Claim Two, the plaintiff challenges his post-arrest detention. Once a suspect is arrested and detained, the Fourth Amendment requires that a judicial determination of probable cause be made within 48 hours of the arrest. Gerstein v. Pugh, 420 U.S. 103, 111-14 (1975); County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991).

The plaintiff does not allege that he was detained beyond a 48 hour period. To the contrary, he states that he was detained "for about twenty-four hours." *Complaint*, p. 4. He does not submit any argument or evidence that his detention was unreasonably delayed. Instead, his argument is centered around his erroneous contention that the officers did not have probable cause to arrest him and, therefore, did not have a right to detain him.

I respectfully RECOMMEND that the Defendants' Motion be GRANTED insofar as it seeks judgment in favor of the defendants on Claim Two.

### 3. Claim Three

Claim Three alleges that Chief Billings is liable because he failed to prevent Officers Capito and Pruce from wrongfully arresting and incarcerating the plaintiff. Claim Three further alleges that Chief Billings is liable because he implemented a policy that allows his officers to arrest individuals without probable cause. Because the plaintiff has failed to establish that Officers Capito and Pruce violated his constitutional rights, his claims against Chief Billings must fail.

### B. State Law Claims

Claims One and Two assert state law tort claims for false arrest and false imprisonment. This Court may decline to exercise supplemental jurisdiction over the plaintiff's state tort claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because I find that the defendants are entitled to summary judgment on the plaintiff's constitutional claims, I recommend that the Court decline to exercise supplemental jurisdiction over the remaining state tort claims. I respectfully RECOMMEND that the state law claims asserted in Claims One and Two be DISMISSED without prejudice.

### C. Plaintiff's Motion

The plaintiff seeks summary judgment because the defendants admit that (a) Ms. Riker completed a domestic violence report form wherein she stated under oath that the plaintiff did not enter her residence through a window and did not harm her in any way; and (b) Officer Pruce prepared a report which states that Ms. Riker told him the plaintiff entered her residence through a window. Thus, the plaintiff contends that the defendants have admitted that Officer Pruce entered false information into a police report.

Contrary to the plaintiff's contention, these contradictions do not entitle him to summary judgment; they merely create a factual dispute. Moreover, because I find that Officers Capito and Pruce had probable cause to arrest the plaintiff without consideration of Ms. Riker's statements, her statements are not material facts.

The plaintiff further argues that he is entitled to summary judgment because the defendants admit that the charges against the plaintiff were ultimately dismissed. This argument is frivolous. The fact that the charges were dismissed is not determinative of whether Officers Capito and Pruce had probable cause to arrest the plaintiff.

The plaintiff argues that he is entitled to summary judgment because the defendants admit that Mr. Marksberry did not sign the statement he gave to Officers Capito and Pruce, and "[a]n unsigned statement does not have any legal effect." The officers' summary of Mr. Marksberry's statements in their official reports is competent evidence, and I relied on the officers' report in my analysis of the matter. I did not consider Mr. Marksberry's written statement.

The plaintiff complains that Officer Capito's affidavit states that Mr. Marksberry signed a statement and, therefore, Officer Capito has "deliberately misinformed the court." To the contrary, Officer Capito states that his and Officer Pruce's "observation of Markberry [sic] writing his statement in our presence confirmed that he was the author of the statement. As such, there was no need for Marksberry to sign the statement." *Defendants' Motion*, Ex. A-1, ¶ 7. The record does not contain any evidence that Officer Capito deliberately misinformed the Court.

The Plaintiff's Motion is frivolous. I respectfully RECOMMEND that it be DENIED.

## IV. CONCLUSION

I respectfully RECOMMEND that the Plaintiff's Motion be DENIED and that the Defendants' Motion be GRANTED. I further RECOMMEND that summary judgment enter in favor of the defendants on all of the plaintiff's constitutional claims and that his state law tort claims be DISMISSED without prejudice.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 16, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge